**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| MONTENEGRO-ZELAYA, Pedro Isaac | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No.: 2:26-cv-03185 |
| | : | |
| J. L. JAMISON, et al., | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, this 14th day of May, 2026, upon consideration of the Verified Petition for

Writ of Habeas Corpus (ECF No. 1) and the Government's Letter dated May 13, 2026 (ECF No.

3), **IT IS HEREBY ORDERED** as follows:

1.      The Petition (ECF No. 1) is **GRANTED**;[1]

---

[1] Mr. Montenegro-Zelaya is a citizen of Nicaragua who entered the United States at the southern border on or around May 5, 2022. *See* Verified Pet. for Writ of Habeas Corpus ("Habeas Pet.") ¶¶ 17–18 (ECF No. 1). Shortly after his entry, DHS officers encountered, detained, and processed him before releasing him to reside with family members in Philadelphia, Pennsylvania. *See id.* ¶ 18. After his release, Mr. Montenegro-Zelaya established ties to the Philadelphia community by attending church, playing an instrument in his church's band, and working in construction to support his family. *See id.* ¶ 19. He complied with all conditions of his immigration release, including filing a Form I-589 Application for Asylum, attending a biometrics appointment on April 10, 2025, and regularly appearing for scheduled ICE check-ins. *See id.* ¶ 20. On or about May 7, 2026, DHS officials took Mr. Montenegro-Zelaya into custody during a scheduled ICE check-in appointment, without prior notice or an opportunity to contest his detention. *See id.* ¶ 21. He is currently detained at the Federal Detention Center in Philadelphia, Pennsylvania. *See id.* ¶ 22. According to the Complaint, Respondents detained Mr. Montenegro-Zelaya pursuant to a revised interpretation of the immigration detention statutes under which noncitizens who have not been "admitted" are subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *See id.* ¶ 23.

The Government contends that (1) this Court lacks jurisdiction to intervene in removal proceedings, (2) Mr. Montenegro-Zelaya is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and (3) Mr. Montenegro-Zelaya's detention does not offend due process. The vast majority of federal courts, including this Court, have rejected these arguments. *See e.g., Buele Morocho v. Jamison*, No. CV 25-5930 (E.D. Pa. Nov. 26, 2025); *Patel v. McShane*, No. CV 25-5975, 2025 WL 3241212 (E.D. Pa. Nov. 20, 2025); *Ndiaye v. Jamison*, No. CV 25-6007, 2025 WL 3229307 (E.D. Pa. Nov. 19, 2025); *Demirel v. Fed. Det. Ctr. Phila.*, No. 25-5488, 2025 U.S. Dist. LEXIS 226877

2.      Mr. Montenegro-Zelaya is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

3.      The Government shall **RELEASE** Mr. Montenegro-Zelaya from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on May 15, 2026**;

4.      If the Government chooses to pursue re-detention of Mr. Montenegro-Zelaya pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1236.1 (c)(8), (d)(1), etc.; and

5.      The Clerk of Court is **DIRECTED** to **CLOSE** this case.[2]

BY THE COURT:

/s/ John M. Gallagher
JOHN M. GALLAGHER
United States District Court Judge

---

(E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No. 25-5555, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Cantu-Cortes v. O'Neill*, No. 25-6338, 2025 WL 3171639 (E.D. Pa. Nov. 13, 2025).

The Government also mentions in a footnote that it is appealing *Lopes De Andrade v. Director Philadelphia Field Office Immigration and Customs Enforcement, et al.*, No. 26-1454 (3d Cir.), and *Buele Morocho v. Warden Philadelphia FDC, et al.*, No. 26-1150 (3d Cir.), but those matters remain pending. *See* Letter from Monique Myatt Galloway, Assistant United States Attorney, to Judge John M. Gallagher (May 13, 2026) (ECF No. 3).

Accordingly, Mr. Montenegro-Zelaya's mandatory detention without the opportunity for a bail hearing is unlawful.

[2] The Court shall retain jurisdiction of this matter for thirty (30) days unless otherwise ordered.